Received and E-Filed for Record
2/6/2019 12:45 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Morgan Alexander

19-02-01886

CAUSE NO. _____

| | | |
|---|---|---|
| **EVELINE SCHWARZ** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | |
| | § | |
| **TARGET CORPORATION** | § | **MONTGOMERY COUNTY, TEXAS** |
| **ARIZONA BEVERAGES USA LLC,** | § | Montgomery County - 284th Judicial District Court |
| **BEVERAGE MARKETING USA, INC., AND** | § | |
| **GRAPHIC PACKAGING** | § | |
| **INTERNATIONAL, LLC** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE

COMES NOW Eveline Schwarz, Plaintiff and files this her Original Petition complaining of Target Corporation, Arizona Beverages USA LLC, Beverage Marketing USA, Inc., and Graphic Packaging International, LLC, and respectfully shows the Court as follows:

### DISCOVERY

1.      Plaintiff intends to conduct discovery under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### PARTIES

2.      Plaintiff, Eveline Schwarz ("Schwarz"), is a natural person who resides in Montgomery County, Texas.

3.      Defendant, Target Corporation ("Target"), is a non-resident Minnesota corporation engaged in and doing business in the State of Texas. Target may be served with process through its registered agent, CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

4.      Defendant, Arizona Beverages USA LLC ("Arizona"), is a non-resident New York limited liability company engaged in and doing business in the State of Texas. Arizona may be served with process through its registered agent, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

1

5.     Defendant, Beverage Marketing USA, Inc. ("BM"), is a non-resident New York corporation engaged in and doing business in the State of Texas. BM may be served with process through its President, David K. Menashi, 60 Crossways Pk. Dr. West, Woodbury, NY 11797, as BM does not maintain a registered agent in the State of Texas.

6.     Defendant, Graphic Packaging International, LLC ("Graphic"), is a non-resident Delaware corporation engaged in and doing business in the State of Texas. Graphic may be served with process through its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

7.     Venue is proper in Montgomery County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1), because it was the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

8.     This Court has subject matter jurisdiction because the amount in controversy exceeds the minimum jurisdictional amount of this Court.

9.      The Court has personal jurisdiction over Defendants Target, Arizona, BM and Graphic. At all times relevant to the causes of action asserted herein, Defendants Target, Arizona, BM and Graphic have had continuing and systematic contact with the State of Texas by marketing and/or delivering its products into the stream of commerce with the expectation that the products would reach consumers in the State of Texas and/or selling their products in the State of Texas. Products packaged, marketed and/or manufactured by Arizona, BM and Graphic are routinely sold in the State of Texas either directly to consumers or through local retailers such as Target and others for the purpose of deriving a profit and Defendants have in fact derived profit from the sale of products in the State of Texas. Defendants Arizona, BM and Graphic have also purposefully availed themselves of the privileges and benefits of placing their products into

the stream of commerce in the State of Texas and thereby conduct business in the State of Texas. Furthermore, Defendants Target, Arizona, BM and Graphic have had minimum contacts with and are doing business in the State of Texas pursuant to the Texas Long-Arm statute, Texas Civil Practice and Remedies Code §17.041-.045. The causes of action asserted herein arise from such contacts and business transactions. The exercise of personal jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice.

## FACTS

10.     On or about July 21, 2018, Schwarz was shopping at the Target Store No. T0684, 1100 Lake Woodlands Drive, The Woodlands, Montgomery County, Texas 77380 ("Target Store"). While at the Target Store, Schwarz was injured when the aluminum cans of Arizona Arnold Palmer Lite Half & Half Iced Tea Lemonade ("Arizona Tea") fell out of their paperboard packaging and struck her right foot.

11.     As a result of this incident, Schwarz developed Reflex Sympathetic Dystrophy Syndrome in her right foot, which has required extensive medical treatment and resulted in severe physical pain and suffering, mental anguish, disability, disfigurement and medical expenses.

12.     The Target Store, which sold the Arizona Tea, was owned, maintained and controlled by Defendant Target.

13.     Defendants Arizona, BM and Graphic manufactured, designed, packaged, distributed, marketed and placed into the stream of commerce the Arizona Tea for use by the consuming public, including Plaintiff.

## CAUSES OF ACTION AGAINST DEFENDANTS

### Negligence of Defendant Target

14.     Plaintiff hereby incorporates the contents of the foregoing paragraphs, as if fully set forth herein.

3

15.     Plaintiff was an invitee, to whom Defendant Target owed a duty to use ordinary care to ensure that the Target Store was in a reasonably safe condition and did not present a danger.

16.     Defendant Target, acting through its agents, employees or vice-principals, breached its duty of care through its negligent acts and omissions, which separately and collectively were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff. The negligent acts and omissions are, among others, as follows:

      (a)     Improperly unloading and handling the Arizona Tea;

      (b)     Failing to properly inspect the Arizona Tea prior to stocking it;

      (c)     Improperly stocking the Arizona Tea, and otherwise creating a dangerous condition;

      (b)     Selling the Arizona Tea when it knew or should have known that it was in a dangerous and defective condition; and

      (e)     Failing to warn, or to adequately warn, of the dangerous and defective condition of the Arizona Tea.

17.     At all times material, Defendant Target knew or should have known that the Arizona Tea posed an unreasonable risk of harm to business invitees, including Plaintiff.

**Negligence of Defendants Arizona, BM and Graphic**

18.     Plaintiff hereby incorporates the foregoing paragraphs by reference for all purposes, as though set forth herein in their entirety.

19.     Defendants Arizona, BM and Graphic owed a duty to foreseeable consumers of Arizona Tea, including Plaintiff, to exercise due care in, *inter alia*, designing, packaging, manufacturing, assembling, marketing, testing, inspecting, labeling, distributing and selling the Arizona Tea. Defendants Arizona, BM and Graphic, acting through their agents, employees or vice-principals, breached their duty of care through its negligent acts and omissions, which

4

include, among other things, the following:

(a)     Designing the Arizona Tea in such a way that its paperboard packaging had the propensity to come undone during the loading, shipping, unloading and stocking, thereby allowing the cans of Arizona Tea to fall out and injure its intended and reasonably foreseeable consumers, including Plaintiff;

(b)     Packaging and manufacturing the Arizona Tea using inadequate materials and adhesives, thereby resulting in the propensity of the packaging of Arizona Tea to come undone during the loading, shipping, unloading and stocking and allowing the cans of Arizona Tea to fall out and injure the intended and reasonably foreseeable consumers, including Plaintiff;

(c)     Failing to conduct appropriate testing and inspections on the packaging of Arizona Tea;

(d)     Selling and distributing  the Arizona Tea without appropriate and adequate warnings concerning its safe handling and its dangers, particularly the propensity of the paperboard packaging of Arizona Tea to come undone during the loading, shipping, unloading and stocking, thereby allowing the cans of Arizona Tea to fall out and injure the intended and reasonably foreseeable consumers, including Plaintiff; and

(e)     Negligently selling and distributing the Arizona Tea with the above described defects.

20.     In support of the aforesaid negligent design and manufacturing claims, Plaintiff contends that there were safer alternative designs for the packaging of Arizona Tea, which were available at the time the product was placed by Defendants into the stream of commerce.  The safer alternative designs include, but are not limited to, shrink wrapping the cans of Arizona Tea, thereby making the packaging of Arizona Tea more resistant to coming undone during loading, shipping, unloading and stocking and less susceptible to the cans of Arizona Tea falling out and injuring the

intended and reasonably foreseeable consumers, including Plaintiff. The safer alternative designs would have prevented or significantly reduced the risk of Plaintiff's injury without substantially impairing the utility of the Arizona Tea and were economically and technologically feasible at the time the Arizona Tea left Defendants' control by the application of existing or reasonably achievable scientific knowledge.

21.     Each of the said negligent acts and omissions—singularly or in combination—was a proximate and producing cause of Plaintiff's injuries and damages.

**Strict Products Liability of Defendants Target, Arizona, BM and Graphic**

22.     Plaintiff hereby incorporates the foregoing paragraphs by reference for all purposes, as though set forth herein in their entirety.

23.     Each of the Defendants Arizona, BM and Graphic was a "manufacturer" of the Arizona Tea, as the term "manufacturer" is defined in Chapter 82.001(4) of the Texas Civil Practice and Remedies Code.

24.     The Arizona Tea was defective in its design, manufacturing and marketing due to, among other things, the following:

(a)     The packaging of Arizona Tea was defectively designed and had 'the propensity to come undone during loading, shipping, unloading and stocking, thereby allowing the cans of Arizona Tea to fall out and injure its intended and reasonably foreseeable consumers, including Plaintiff;

(b)     The packaging of Arizona Tea was defectively manufactured using inadequate materials and adhesives and had a propensity to come undone during the loading, shipping, unloading and stocking, thereby allowing the cans of Arizona Tea to fall out and injure the intended and reasonably foreseeable consumers, including Plaintiff; and

(c)     The Arizona Tea was defectively marketed because it did not contain

6

adequate warnings about the aforesaid dangers, particularly the propensity of the packaging of Arizona Tea to come undone during the loading, shipping, unloading and stocking of the Arizona Tea, thereby allowing the cans of Arizona Tea to fall out and injure the intended and reasonably foreseeable consumers, including Plaintiff.

25.      Due to its propensity to injure consumers, the d e f e c t s  i n  Arizona Tea's manufacture, design, and marketing, individually or in the plural, rendered the product in question unreasonably dangerous to Plaintiff.

26.      There were safer alternative designs for the packaging of Arizona Tea, which were available at the time the product was placed into the stream of commerce by Defendants Arizona, BM and Graphic.  The safer alternative designs include, but are not limited to, shrink wrapping the cans of Arizona Tea, which would make the packaging of Arizona Tea (a) more resistant to coming undone during loading, shipping, unloading and stocking and (b) less susceptible to allowing cans of Arizona Tea to fall out and injure the intended and reasonably foreseeable consumers, including Plaintiff.  The safer alternative designs would have prevented or significantly reduced the risk of Plaintiff's injury without substantially impairing the utility of the Arizona Tea and were economically and technologically feasible at the time the Arizona Tea left Defendants' control by the application of existing or reasonably achievable scientific knowledge.

27.      The above defects, among others, were a proximate and producing cause of Plaintiff's injuries and damages.

28.      Defendant Target was a "seller" of the Arizona Tea, as the term "seller" is defined in Chapter 82.001(3) of the Texas Civil Practice and Remedies Code.

29.      As a "seller" of the Arizona Tea, Defendant Target is liable for the damages caused to Plaintiff under, among other things, Chapter 82.003(2) and (6) of the Texas Civil Practice and Remedies Code, as follows:

(a)    In the course of unloading, handling and stocking the Arizona Tea, Target, acting through their agents, employees or vice-principals, altered or modified the packaging of Arizona Tea and Plaintiff's harm resulted from such alteration or modification. TEX. CIV. PRAC. & REM. CODE §82.003(2); and/or

(b)    Target actually knew of a defect to the Arizona Tea and its packaging at the time it supplied the said product and Plaintiff's harm resulted from such defect. TEX. CIV. PRAC. & REM. CODE §82.003(6).

30.    Plaintiff further contends that Defendants are not entitled to a rebuttal presumption that they are not liable for any injury to Plaintiff caused by the formulation, labeling, or design of the product because Defendants have not established that the product's formulation, labeling, or design complied with the mandatory standards or regulations adopted and promulgated by the federal government, or an agency of the federal government, that were applicable to the product at the time of manufacture and that governed the product risk that allegedly caused harm.  Additionally, in the event that Defendants establish compliance with a federal safety standards or regulations, Plaintiff will present evidence that the federal standards or regulations were inadequate to protect the public from unreasonable risks of injury or damage.

**Breach of Warranty of Defendants Target, Arizona, BM and Graphic**

31.    Plaintiff hereby incorporates the foregoing paragraphs by reference for all purposes, as though set forth herein in their entirety and invokes the provisions of the Texas Business & Commerce Code §2.313 and §2.314.

32.    Defendants warranted to foreseeable consumers, including  Plaintiff, that the Arizona Tea was merchantable, reasonably safe and fit for its ordinary and foreseeable purposes. These warranties include, among other things, the following:

(a)    that the Arizona Tea was adequately designed, contained, constructed,

8

packaged, assembled and labeled; and

        (b)    that the Arizona Tea was reasonably fit for the ordinary purposes for which it is used.

        33.    There were safer alternative designs for the packaging of Arizona Tea, which were available at the time the product was placed by Defendants into the stream of commerce. The safer alternative designs include, but are not limited to, shrink wrapping the cans of Arizona Tea, thereby making the packaging of Arizona Tea more resistant to coming undone during loading, shipping, unloading and stocking and less susceptible to the cans of Arizona Tea falling out and injuring the intended and reasonably foreseeable consumers, including Plaintiff. The safer alternative designs would have prevented or significantly reduced the risk of Plaintiff's injury without substantially impairing the utility of the Arizona Tea and were economically and technologically feasible at the time the Arizona Tea left Defendants' control by the application of existing or reasonably achievable scientific knowledge.

        34.    Defendants breached the express and implied warranties by, among other things, failing to adequately contain, package and label the Arizona Tea and by failing to warn of the risks associated with Arizona Tea.

        35.    As an actual and proximate result of Defendant's breach of said warranties and the Arizona Tea being placed into the stream of commerce in a defective condition, Plaintiff suffered severe injuries.

## ALTERNATIVE PLEADINGS

        36.    To the extent facts and/or causes of action pled in this Original Petition are in conflict, they are pled in the alternative.

## DAMAGES

        37.    As a direct and proximate result of Defendants' aforesaid acts and

omissions, Plaintiff suffered the following damages:

> a. Physical pain and suffering and mental anguish in the past and in the future;
>
> b. Disfigurement in the past and in the future;
>
> c. Physical impairment in the past and in the future; and
>
> d. Reasonable and necessary medical expenses in the past and in the future.

38.     As a result of the above, Plaintiff seeks damages within the jurisdictional limits of this Court.

39.     Plaintiff seeks monetary relief over $1,000,000.

## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

40.     Plaintiff claims all lawful pre-judgment and post-judgment interest on the damages suffered by her.

## JURY DEMAND

41.     Plaintiff demands a trial by jury on all of her claims.

## REQUEST FOR DISCLOSURE

42.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendants to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court cite Defendants to appear and answer herein and that, following the trial of this action, the Court enter a judgment against Defendants for those damages described above, for cost of suit, interest, and for all such other relief—legal or equitable—to which Plaintiff may be justly entitled.

10

Respectfully submitted,

LAW OFFICES OF ALEXANDER M. GUREVICH, PC

By:_____
Alexander M. Gurevich
Texas Bar No. 00793183
3401 Houston Ave.
Houston, Texas 77009
Telephone: (713) 224-9600
Facsimile:  (713) 223-2530
ag@houstonattorney.net
Attorney for Plaintiff

Received and E-Filed for Record
3/27/2019 9:04 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Deven Maropis

NO. 19-02-01886

| | | |
|---|---|---|
| EVELINE SCHWARZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |
| TARGET CORPORATION, | § | |
| ARIZONA BEVERAGES USA, LLC, | § | |
| BEVERAGE MARKETING USA, INC. | § | |
| AND GRAPHIC PACKAGING | § | |
| INTERNATIONAL, LLC., | § | |
| | § | |
| *Defendant.* | § | 284th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Target Corporation, Defendant in the above entitled and numbered cause, and in answer to the Plaintiff's pleadings on file herein, would respectfully show unto the Court as follows:

### A.
### GENERAL DENIAL

1.      Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully request that Plaintiff be required to prove the charges and allegations against this Defendant by the evidence as is required by the laws of the State of Texas.

**B.**
**CREDIT / OFFSET**

2.       In the unlikely event that Defendant is found liable to Plaintiff, Defendant affirmatively pleads that it is entitled to a dollar-for-dollar credit/offset for any and all sums Plaintiff has received or may hereafter receive by way of any and all payments or settlements of any claims, causes of action, or potential causes of action arising out of the incident made the basis of this lawsuit. This written election is being made pursuant to §33.012(b)(1) of the Texas Civil Practice & Remedies Code.

**C.**
**RIGHT TO SUPPLEMENT**

3.       Defendant respectfully reserves the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendant has had the opportunity to investigate more closely these claims, as is the right and privilege of said Defendant under the Rules of Civil Procedure and the laws of the State of Texas.

**D.**
**DISCOVERY DOCUMENTS**

4.       By way of further Answer, Defendant hereby gives actual notice to the Plaintiff, that any and all documents produced during discovery may be used against the party Plaintiff, if any, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## E.
## PAID OR INCURRED

5.     Defendant invokes §41.0105 of the Texas Civil Practice and Remedies Code and requests that to the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiff, as opposed to the amount charged.

## F.
## NET LOSS REDUCTION

6.     Defendant also invokes §18.091 of the Texas Civil Practice and Remedies Code and requests that to the extent that Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be present in the form of a net loss after reduction for income tax payments or unpaid tax liability.   Defendant further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

## G.
## JURY DEMAND

7.     Defendant herein demands a trial by jury on all contested fact issues. On this date, a jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, the above-named Defendant, Target Corporation, having fully answered herein, prays that Plaintiff take nothing by reason of this suit, and that Defendant be discharged. Defendant prays further that all court costs expended or incurred in this cause be assessed and taxed against Plaintiff, and

for all such other and further relief, both general and special, at law and in equity, to which Defendant may itself justly entitled.

Respectfully submitted,

**GERMER, PLLC**

By: _____
      TROY A. WILLIAMS
      State Bar No. 00788678
      VALERIE LY
      State Bar No. 24053692
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas  77019
*Telephone*: (713) 650-1313
*Facsimile:* (713) 739-7420
*E-Mail:* twilliams@germer.com
*E-Mail:* vly@germer.com

ATTORNEYS FOR DEFENDANT,
TARGET CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on the following counsel through the Court's e-service on this the 27th day of March, 2019:

Alexander M. Gurevich
Law Offices of Alexander M. Gurevich, P.C.
3401 Houston Avenue
Houston, Texas  77009
***Attorney for Plaintiff***
***Eveline Schwarz***

_____
TROY A. WILLIAMS

Received and E-Filed for Record
3/27/2019 9:09 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Morrill

NO. 19-02-01886

| | | |
|---|---|---|
| EVELINE SCHWARZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |
| TARGET CORPORATION, | § | |
| ARIZONA BEVERAGES USA, LLC, | § | |
| BEVERAGE MARKETING USA, INC. | § | |
| AND GRAPHIC PACKAGING | § | |
| INTERNATIONAL, LLC., | § | |
| | § | |
| *Defendant.* | § | 284th JUDICIAL  DISTRICT |

## RULE 216 REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

In accordance with the provisions of Rule 216 of the Texas Rules of Civil Procedure, Defendant, Target Corporation, requests that when this case proceeds to trial, it be placed on the Court's jury trial docket.

Respectfully submitted,

**GERMER, PLLC**

By: _____
      TROY A. WILLIAMS
      State Bar No. 00788678
      VALERIE LY
      State Bar No. 24053692

America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas  77019
*Telephone*: (713) 650-1313
*Facsimile:* (713) 739-7420
*E-Mail:* twilliams@germer.com
*E-Mail:* vly@germer.com

ATTORNEYS FOR DEFENDANT,
TARGET CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on the following counsel through the Court's e-service on this the 27th day of March, 2019:

Alexander M. Gurevich
Law Offices of Alexander M. Gurevich, P.C.
3401 Houston Avenue
Houston, Texas  77009
*Attorney for Plaintiff*
*Eveline Schwarz*

_____
TROY A. WILLIAMS

Received and E-Filed for Record
4/1/2019 11:31 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Morrill

CAUSE NO.  19-02-01886

| | | |
|---|---|---|
| EVELINE SCHWARZ | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | |
| | § | 284th JUDICIAL DISTRICT |
| | § | |
| TARGET CORPORATION | § | |
| ARIZONA BEVERAGES USA LLC, | § | |
| AND GRAPHIC PACKAGING | § | |
| INTERNATIONAL, LLC | § | |
| | § | |
| **Defendants** | § | MONTGOMERY COUNTY, TEXAS |

### DEFENDANT GRAPHIC PACKAGING INTERNATIONAL, LLC'S
### ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GRAPHIC PACKAGING INTERNATIONAL, LLC, Defendant in the above-styled and numbered cause, and file this, its Original Answer, and would respectfully show unto this Honorable Court as follows:

### I.
### GENERAL DENIAL

1.    Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant generally denies each and every allegation contained in Plaintiff's Petition, and demands strict proof thereof.

### II.

2.    Defendant asserts that any injury, loss or damage sustained by Plaintiff was caused, or contributed to, by Plaintiff's own contributory negligence.

3.    To the extent that Plaintiff sustained injuries and/or damages as a result of the accident, which are denied, Defendant would show that Plaintiff failed to take reasonable efforts to mitigate his damages and, as such, Plaintiff's claims should be barred or reduced.

4.      For further answer, if such be necessary, Defendant requests that in accordance with Texas Civil Practices and Remedies Code §33.003 the jury determine that percentage of responsibility for causing in any way the harm for which recovery of damages is sought of each Plaintiff, each settling person, and each Responsible Third Party. *See* Tex. Civ. Prac. & Rem. Code §330.001 *et seq.*

5.      For further answer, if such be necessary, Defendant alleges that Plaintiff may not recover any amount of damages if Plaintiff's percentage of responsibility is greater than fifty percent (50%), regardless of the theory of recovery pleaded. Tex. Civ. Prac. & Rem. Code §33.001 *et seq.*

6.      For further answer, if such be necessary, Defendant alleges that in accordance with Texas Civil Practices & Remedies Code Section 33.013, Defendant may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of responsibility of each, individually, when compared with that of each responsible party, each settling person, and each responsible third party, is greater than fifty percent (50%).

### III.
### JURY DEMAND

7.      Defendant demands a jury trial and tenders the appropriate fee with this Answer.

### IV.
### REQUEST FOR DISCLOSURES

8.      Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff is requested to disclose, within thirty days of the service of this request, the information or material described in Rule 194.2(a) through (l).

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant GRAPHIC PACKAGING INTERNATIONAL, LLC prays that upon trial hereof, Plaintiff take nothing as to this Defendant, and for such other and further relief to which this Defendant may show itself justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   /s/    James N. Isbell
James N. Isbell
State Bar No. 10431900
jisbell@thompsoncoe.com
Jason M. Yacuk
State Bar No. 24028150
jyacuk@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Telecopy: (713) 403-8299
**ATTORNEYS FOR DEFENDANT
GRAPHIC PACKAGING
INTERNATIONAL, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been furnished to all counsel of record on this the 1st day of April, 2019, via e-filing:

Alexander M Gurevich
Law Offices of Alexander M Gurevich, PC
3401 Houston Ave
Houston, Texas 77009
ag@houstonattorney.net

/s/    Jason Yacuk
Jason M. Yacuk